MARIA ASKE v. DULUTH & IRON RANGE RAILROAD COMPANY.[1]

May 10, 1901.

Nos. 12,607—(71).

**Personal Injury—Physical Examination of Plaintiff.**

> In this action (one to recover for personal injuries alleged to have
> been caused by the negligence of defendant) the court made an order,
> on application of defendant and consent of plaintiff, appointing two phy-
> sicians to make a physical examination of plaintiff, to determine the
> nature and extent of her injuries. Defendant offered this order in evi-
> dence on the trial for the purpose of giving credit to the testimony of
> the physicians. *Held*:
>
> 1. Whether such an order is proper evidence in any case, quære?
> 2. That the record on this appeal fails to show that plaintiff was in any
> way prejudiced by it, and, whether properly received in evidence or not,
> the ruling receiving it is not ground for a new trial.

Action in the district court for St. Louis county, to recover
$15,000 damages for personal injuries. The case was tried before
Cant, J., and a jury, which rendered a verdict in favor of defend-
ant. From an order denying a motion for a new trial, plaintiff
appealed. Affirmed.

*John Jenswold, Jr.*, for appellant.
*Davis, Hollister & Hicks*, for respondent.

BROWN, J.

This action was brought to recover damages for personal in-
juries alleged to have been caused by the carelessness and negli-
gence of defendant. Defendant had a verdict in the court below,
and plaintiff appeals from an order denying a new trial.

Plaintiff took passage on one of defendant's railway trains at
Lester Park, near Duluth, for Two Harbors. In going aboard the
train she received certain injuries, or at least it is claimed that
she did, and the charge is that the negligence of defendant was
the cause of such injuries. At the trial plaintiff offered evidence
tending to show the negligence and carelessness of the defendant,

[1] Reported in 85 N. W. 1011.

her injuries and suffering, and the nature and extent thereof. It became necessary, as an issue in the case, to inquire into her physical condition with respect to the injuries alleged to have been received, and the nature and extent of the same. Before the commencement of the trial, defendant's attorney applied to the court for an order appointing two physicians to make an examination of her person. The order was not opposed by the attorney for plaintiff. In fact, he consented to it, and selected one of the physicians named by the court; defendant's attorneys having named the other. At the trial of the action, counsel for defendant offered this order in evidence. It was objected to by plaintiff, and the order overruling the objection is assigned on this appeal as prejudicial error. It presents the only question in the case, and whether the plaintiff was prejudiced thereby is the only matter requiring the attention of the court at this time.

There can be no doubt of the power and authority of a trial court to compel a party, in actions of this character, to submit to an examination of his person, for the purpose of determining, as far as possible, the nature and extent of the injuries complained of. The court may make such an order, and condition a refusal to submit thereto the dismissal of the action. Wanek v. City of Winona, 78 Minn. 98, 80 N. W. 851.

Whether the order of appointment may be introduced in evidence for the purpose of affecting the credibility of the physicians, need not be determined at this time. The question is not free from doubt, and, as we view the record before us, plaintiff is not shown to have been prejudiced thereby, and cannot complain. The case comes to this court on a bill of exceptions, and all the evidence is not returned. We are not informed just what testimony one of the physicians gave, and the testimony of the other relates solely to the physical condition of the plaintiff, and the probabilities as to the cause of her condition. He gave no testimony with respect to the main question in the case, viz., whether plaintiff's injuries were caused by the negligence of defendant, and his evidence, if taken as true, would not preclude the jury from finding in plaintiff's favor. The verdict having been in favor of the defendant, the jury must necessarily have found against

the plaintiff on the issue of the negligence of defendant, and that no act on its part was the cause of her injuries. As stated, the physicians gave no testimony on this branch of the case; nor did they pretend to say that the condition of the plaintiff, as disclosed by their examination, was not the result of the wrongful act of defendant. Therefore, whether the order of the court appointing the physicians gave them any special standing or credit before the jury, because named and designated by the court to make the examination, is not important, and could not have influenced them upon the question of negligence. And, besides, the record before us is wholly silent as to whether the fact of the appointment of the physicians was ever called to the attention of the jury, in the arguments of counsel, or otherwise. In view of all these facts, it is clear that, whether such an order may be received in evidence or not, the plaintiff was in no way prejudiced thereby, and the ruling receiving it in evidence presents no ground for a new trial.

The order appealed from is affirmed.