JAMES LEO PAGE, Respondent, *v.* BESSIE A. PAGE, Appellant.

Supreme Court, Erie County, January 10, 1931.

*Ward, Flynn, Spring & Tillou,* for the plaintiff.

*H. H. Bacon,* for the defendant.

HINKLEY, J.   The action was brought by plaintiff, respondent, against his wife for divorce.  Defendant moved and obtained an order framing certain issues of adultery for trial by jury.   Verdict was rendered by the jury, finding against the defendant upon certain specific charges.   Final judgment was granted by this court sitting in Equity Term.   The Appellate Division affirmed the judgment of the lower court, without opinion (230 App. Div. 876).  Two justices, however, dissented, upon the ground " that the finding of adultery rests solely on the testimony of hired detectives, which, upon its face, clearly shows that it was fictitious."

In so far as this motion is concerned, if the appeal to the Court of Appeals is an idle gesture, plaintiff, who has been successful to date, should not be further charged with expenses.   On the other hand, if the appeal is justified, then he should at least contribute to its prosecution.

The right of appeal to the Court of Appeals without permission is absolute in this case, by reason of the dissent in the Appellate Division.   (Civ. Prac. Act, § 588, subd. 1.)

Such appeal, however, in this case, presents only questions of law and not of fact.   Had the defendant moved upon the trial for a direction of a verdict and excepted to the court's denial of the motion, the Court of Appeals might have considered, not whether the judgment is against the weight of the evidence, but whether it is supported by any evidence.   (B. N. Cardozo, Jurisdiction of Court of Appeals [2d ed.], § 24; *Beck* v. *Catholic University,* 172 N. Y. 387.)

The defendant did not move for a direction of a verdict, but

had previously asked that issues be framed for submission to the jury. She, therefore, gave " consent that the issue be submitted to the jury, and the Court of Appeals is precluded, in the absence of an exception, from considering whether there is any evidence on which a verdict could be founded. Nor is it enough that the defendant moved for a nonsuit at the close of the plaintiff's case, if he thereafter proceeded with his own case and failed at the close thereof to renew his motion." (B. N. Cardozo, Jurisdiction of Court of Appeals [2d ed.], § 52; Van Bergh, New York Court of Appeals Jurisdiction & Practice, § 29; *Hopkins* v. *Clark*, 158 N. Y. 299.)

There is no justification in presenting to the Court of Appeals the contention that she was deprived of her right to cross-examination upon the formal statement of plaintiff concerning condonation, and the like, under section 1153 of the Civil Practice Act. The defendant appeared, pleaded and denied the charges of adultery without pleading the defenses enumerated in section 1153 of the Civil Practice Act. It was not necessary for plaintiff to negative such defenses, as they were not raised by an affirmative plea in the answer. (*Olmsted* v. *Olmsted*, 210 App. Div. 393, at p. 397.)

There was, however, presented to the Appellate Division and reviewable by the Court of Appeals, a question of law raised by appropriate exception and which has no exact, decisive authority in the Court of Appeals.

Defendant, upon the trial of this civil action, was charged with adultery, which concededly involves moral turpitude, and is defined as a crime. (Penal Law, § 100.)

Plaintiff was properly permitted upon the trial to introduce, not only proof of specific acts of adultery, but a general course of improper, if not immoral conduct, upon the part of the defendant as indicative of her inclination and the likelihood of her committing the specific acts of adultery. Defendant thereupon attempted to introduce evidence of good character, and to its exclusion exception was duly taken.

The weight of authority to date seems to sustain the action of the trial court. But a judicially trained mind is not required to realize the injustice which deprived defendant of perhaps her only weapon of defense, other than her categorical denials, against the assaults of paid hirelings whose testimony is judicially catalogued and branded of no greater weight than that of prostitutes and other criminal characters.

Modern conditions demand that many cases be tried at one time; two or more actions are frequently combined and interpleader is habitual. It is a far cry to deny an innocent wife, for that pre-

sumption must exist, the right to prove her good character, because there might be a confusion of issues, or the main issue be obscured and delayed for the trial of collateral issues of character, which would distract the attention of the jury.

A century and a quarter ago it was said: " In actions of tort, and especially charging a defendant with gross depravity and fraud upon circumstances merely, as was the case here, evidence of uniform integrity and good character is often times the only testimony which a defendant can oppose to suspicious circumstances." (*Ruan* v. *Perry*, 3 Caines, 120, at p. 123.)

Later it was said: " It is a general rule of evidence, that if a party is charged with a crime, or any other act involving moral turpitude, which is endeavored to be fastened upon him by circumstantial evidence, or by the testimony of witnesses of doubtful credit, he may introduce proof of his former good character for honesty and integrity to rebut the presumption of guilt arising from such evidence which it may be impossible for him to contradict or explain." (*Townsend* v. *Graves*, 3 Paige Ch. 453, at p. 455.)

In 1916, in *Derrick* v. *Wallace* (217 N. Y. 520), the Court of Appeals created out of a confusion of authorities a clear and just rule of evidence which permits a witness to introduce proof of good character after his own admission that he had been convicted of a specific crime. Carried to its reasonable and logical conclusion, the language of Judge POUND in that case is strikingly applicable to the trial of this case.

Professor Wigmore, in his work upon Evidence, section 1106, declares that the conclusion later enunciated by Judge POUND is fallacious in theory but justified by the evils which result in the failure to allow its incorporation into practice. While subscribing wholeheartedly to his conclusions regarding the bad practice, there is something to be said in defense of the theory. The whole structure rests upon a legalistic rule that one wrongful act may be indicative of a general moral weakness and human perfection is not present to-day.

The charges of adultery upon the trial of this case were established only by a slight preponderance of evidence, as is evidenced by the decision of the Appellate Division. As an offset to the testimony of the private detectives concerning the general course of conduct of the defendant, proof that she was of good repute in the community might, and very likely would, have freed the minds of the jury of an instinctive prejudice against her and altered its verdict. The denial of her right to introduce proof of good character can be squarely presented and justifies this appeal.

Under the circumstances, plaintiff should be required to pay to defendant, as a contribution toward the expenses of her appeal to the Court of Appeals, the sum of $150.

Order may be entered in accordance with this opinion, which opinion shall be printed as a part of the record on appeal.