## ELLA F. BOLDT AND ANOTHER v. KENNETH SANDERS.

### 111 N. W. (2d) 225.

### October 13, 1961—No. 38,434.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *M. J. Coyne,* for relator.

*Pierro, Johnson, Pieri & Shields, Richard W. Johnson,* and *William H. DeParcq,* for respondents.

OTIS, JUSTICE.

This matter comes before the court on the petition of defendant, Kenneth Sanders, for a writ of prohibition to enjoin the trial court from enforcing its order requiring defendant to answer certain of plaintiffs' interrogatories. The action here involved is one for damages arising out of personal injuries which plaintiffs allege Ella Boldt experienced as a passenger in a car which collided with one driven by defendant on May 10, 1959, at Olson Highway and Winnetka Avenue in Hennepin County.

In their complaint plaintiffs allege that the injuries Mrs. Boldt received are permanent and disabling. Defendant admits the accident but denies plaintiffs have been injured or damaged as alleged in their complaint.

On April 1, 1960, the deposition of Mrs. Boldt was taken by defendant. She then testified that she had never had any previous automobile accident, accidental fall, or any other kind of accident, and that she had suffered no previous injuries. On November 25, 1960, plaintiffs submitted to defendant under Rules 26.02 and 33 of Rules of Civil Procedure[1] the following interrogatories, among others:

"4. Do you have information indicating that the plaintiff Ella Boldt

---

[1] So far as here pertinent these rules provide as follows:

Rule 26.02. Scope of Examination. "Unless otherwise ordered by the court as provided by Rule 30.02 or 30.04, the witness may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial, or of any writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 35, the conclusions of an expert, shall not be required."

Rule 33. Interrogatories to Parties. "* * * Interrogatories may relate to any matters which can be inquired into under Rule 26.02, and the answers may be used to the same extent as provided in Rule 26.04 for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the witnesses or the party interrogated, may make such protective order as justice may require. The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression. The provisions of Rule 30.02 are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

was injured at any time prior to the accident described in Plaintiffs' Complaint?

"5. If your answer to No. 4 is 'Yes,' then give the following information relative to each accident:

"a. Give the date upon which the injury occurred;

"b. Identify the place where the injury occurred;

"c. Give the name and address of each person known to you having information relative to the accident or circumstances causing the injury;

"d. Give the name and address of each physician or other person who rendered treatment to the plaintiff Ella Boldt in connection with the injury."

In response defendant stated:

"4. We decline to answer this question on the ground that it is not pertinent to the issues in the above litigation, is known to the plaintiff, if any other accidents occurred and would serve in the event of a trial of this action only for impeachment.

"5. See answer to No. 4."

Thereupon, the motion of plaintiffs to compel defendant to answer these interrogatories was brought on for hearing and was granted by the District Court of Hennepin County, following which our alternative writ of prohibition was issued.

Defendant earnestly contends that the information plaintiffs seek to elicit is exempt from discovery because it is known to plaintiffs and its use is contemplated only for impeachment purposes. Defendant cites in support of his position Bogatay v. Montour R. Co. (W. D. Pa.) 177 F. Supp. 269, where the trial court held that the defendant railroad was not required to disclose any evidence it had marshalled concerning the physical activities of plaintiff subsequent to the date of the accident. The court stated that the observations of witnesses and the existence of movies or pictures constituted potential impeaching evidence, the disclosure of which would subvert the spirit of a local rule protecting such evidence from discovery. The court further observed that the evidence could be revealed to the court at pretrial so that the judge might determine whether it was of a substantive nature or merely impeach-

ment. In Coyne v. Monongahela Connecting R. Co. 24 F. R. D. 357, the same court held that defendant was required to disclose any evidence it had with respect to the accuracy of information plaintiff gave in an employment application and medical examination. This also was a personal injury action and the court held that while the defendant was not required to make an investigation for the purpose of answering interrogatories, it was obliged to divulge any information it then had regarding plaintiff's employment subsequent to the accident in question.

In his article on discovery and pretrial procedure,[2] Judge Stephen S. Chandler of the United States District Court for the Western District of Oklahoma had this to say about divulging impeachment material:

"When the whole truth is exposed, all that remains is for the court to apply the law to the facts as they actually exist. In his court, the writer requires that all signed statements taken from witnesses, moving pictures to show malingering, in fact all evidence, including that intended for purposes of possible impeachment or rebuttal, be furnished to opposing counsel. This is a cardinal requirement for the reason that if any instrument or fact remains undisclosed, the lawyer concealing it feels he has an advantage. While such a situation exists, the whole picture presented by the lawsuit is distorted and obscured because the true situation is not apparent to all."

The standard work on the rules of practice in Minnesota is Youngquist & Blacik, Minnesota Rules Practice, which makes the following comment:

"* * * The examining party is not restricted to the discovery of facts relevant to his claim or defense. His greater need is to know the facts of the opponent's claim or defense, and the rule provides for an examination 'whether it relates to the claim or defense of the examining party or to the claim or defense of any other party'.

"*Examination as to matters within the knowledge of the party seeking*

---

[2]*Discovery and Pre-Trial Procedure in Federal Courts,* 12 Okla. L. Rev. 321, 324.

*discovery is not necessarily improper.*" (Italics supplied.) 2 Youngquist & Blacik, Minnesota Rules Practice, p. 24.

To the same effect is 4 Moore, Federal Practice (2 ed.) par. 26.21.

Defendant's entire argument proceeds on the premise that defendant's evidence which plaintiffs seek to elicit constitutes the unblemished truth which, if prematurely disclosed, will prevent defendant from revealing to the jury the sham and perjury inherent in plaintiffs' claims. While defendant disclaims such assumption, it is implicit in his position that witnesses whose testimony is designed to impeach invariably have a monopoly on virtue and that evidence to which the attempted impeachment is directed is, without exception, fraudulent.

Let us assume hypothetically that a claimant has sustained injuries for which he seeks to recover damages and that he has been in no previous accident and has suffered no prior disability or illness and has been incapacitated solely as a result of the accident in question. The hypothetical defendant, on the other hand, has resorted to fraud and perjury in fabricating pictures of what purport to be plaintiff's physical activities subsequent to the accident, and has manufactured evidence to prove that plaintiff sustained his injuries in prior accidents. It is the defendant's position that under the assumed circumstances plaintiff is foreclosed from discovering the perjured testimony which is about to be foisted upon him because it is essentially impeachment. In other words, the defendant would have us adopt a rule that no opportunity may be afforded either party to impeach evidence which is itself impeachment, but both must await the uncertain fate which befalls litigants when confronted for the first time in the courtroom with surprise testimony for which they are wholly unprepared.

For us to revert to this philosophy would be judicial retrogression undermining the whole purpose of the rules of civil procedure. It would inevitably lead us back to the "poker hand" concept of litigation, rewarding artifice and camouflage. We do not believe the rights of the parties should be determined in such a murky atmosphere. It is essential to the achievement of justice that all of the admissible evidence be brought to light in time for both parties to evaluate it and adequately prepare for trial or settlement with full knowledge of the facts.

Not only may impeaching testimony be the subject of impeachment itself, but in this case the information which plaintiff seeks bears on the fundamental issue of the nature and extent of the injuries which Mrs. Boldt sustained in this accident. She is entitled to know what evidence defendant will produce on this issue in view of his denial that her condition is serious or is attributable to this accident.

The scope of discovery under Rule 33 has been intimated by us in Jeppesen v. Swanson, 243 Minn. 547, 551, 68 N. W. (2d) 649, 651, where we quoted with approval Hickman v. Taylor, 329 U. S. 495, 507, 67 S. Ct. 385, 392, 91 L. ed. 451, 460, thus:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. *The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it,* thus reducing the possibility of surprise. (Italics supplied.)"

We therefore hold that no evidence which will be admissible at the trial is exempt from discovery under Rules 26.02 and 33 unless the affected party invokes a valid privilege. We do not decide, however, whether such party may thereafter waive his privilege at the trial and introduce such testimony, nor do we suggest that pretrial discovery is limited to what is admissible in evidence.

For the reasons stated, we conclude that a party may not decline to disclose evidence within his knowledge merely because it may also be within the knowledge of the person seeking the information and is in the nature of impeaching evidence.

The writ of prohibition is therefore discharged.