MARY ZISKOVSKY, APPELLEE, V. LOUIS H. MILLER, APPELLANT.

FILED JULY 17, 1930. No. 27151.

*Crofoot, Fraser, Connolly & Stryker* and *James T. English,* for appellant.

*O'Sullivan & Southard, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and DAY, JJ., and FITZGERALD and HASTINGS, District Judges.

LOVEL S. HASTINGS, District Judge.

This action was brought by Mary Ziskovsky, appellee, to recover damages for personal injuries sustained by her, and to recover damages on a claim that her husband had assigned to her for loss of her services, medical and other expenses incurred on account of her alleged injuries. Both causes of action alleged in her petition arose out of a collision between an automobile owned and driven by the appellant, in which plaintiff was riding as an invited guest, and the automobile of another. The trial resulted in a verdict and judgment for plaintiff in the sum of $2,000, and defendant appeals.

The principal ground urged by defendant for a reversal is that the evidence is not sufficient to support the verdict.

Plaintiff alleged in her petition that the collision complained of was due to negligence on the part of the defendant, in that he failed to have the brakes on his automobile in reasonably good working condition; that he failed to stop his car or turn his car in time to avoid the collision, when, in the exercise of reasonable care and caution, he knew or should have known in ample time of the presence of another automobile.

It is the contention of counsel for defendant that there is no evidence that the brakes on defendant's car were defective, or, if defective, that such condition of the brakes was the proximate cause of the collision, and that defendant could not avoid the collision owing to the sudden appearance of the other car directly in front of him.

Plaintiff's case rests upon her own testimony, that of

her husband, a photograph of the street on which the collision occurred, and a statement of the defendant in a deposition as to the speed that he was driving his car at the time of the accident.

The defendant did not testify, although present at the trial. The only witness called in behalf of the defendant was one of the counsel for the defendant and the insurance company in which defendant carried liability insurance. His testimony was in relation to certain written statements signed by the plaintiff and her husband, made shortly after the accident. The written statements were introduced in evidence by defendant as tending to contradict their testimony given at the trial.

The evidence, without conflict, discloses that on the 24th day of June, 1928, at about 7:30 p. m., while plaintiff and her husband, as the invited guests of the defendant, were riding in an Oldsmobile coupé owned and driven by the defendant, and while said automobile was being driven east along Pacific street in Douglas county, the automobile driven by defendant collided with a Chevrolet coach owned by Celia Stiefler and driven by one Boyer. The Chevrolet coach had entered Pacific street from a private driveway leading from the Highland Country Club and was first seen by the husband of plaintiff when defendant's car was about 50 or 75 feet from it. Plaintiff's husband immediately called the attention of the defendant to the car, and the defendant replied that he saw it. The Chevrolet car was then about in the center of Pacific street and proceeding slowly to the north. They both testify that defendant attempted to apply his brakes, but that the speed of his car did not seem to slacken, and that as the Chevrolet car was turning to the westward in said street and headed in a northwesterly direction defendant's car struck it on the left side and about the middle thereof and shoved it some distance to the east. An excerpt from a deposition given by defendant and introduced in evidence by plaintiff shows that defendant testified therein that at the time of the collision he was driving at about 30 or 35 miles an hour. The plaintiff and her husband in their testimony did not

give an opinion as to the speed of defendant's car at or about the time of the collision, but their written statements introduced by defendant show, at the time that they made such statements, that they estimated the speed of defendant's car at from 25 to 30 miles an hour. A photograph of Pacific street looking east from a point 150 feet west shows that a clear view of that street may be had to the east from said point to where the private driveway from the Highland Country Club intersects the same, and that a car could be seen for some distance south of where said driveway intersects Pacific street, before entering upon said street. Plaintiff and her husband both testify that about five months after the alleged collision defendant told them that he "applied his brakes and they didn't hold. If his brakes had been working that the accident would have never happened."

In the case of *Lewis v. Miller*, 119 Neb. 765, in which the defendant herein was defendant, and which arose out of the same accident as this case,we held, on substantially the same evidence in regard to the condition of the brakes on defendant's car, that the evidence was sufficient to warrant the submission of such act of alleged negligence to the jury. In this case the undenied admission of the defendant, that when he applied his brakes they "didn't hold" and if they "had been working that the accident would have never happened," supported by the fact that when he did apply his brakes the speed of his car was not checked or slackened thereby, was sufficient to warrant the jury in finding that his brakes were defective.

The question then is: Was the defendant guilty of actionable negligence in operating his car with defective brakes? It is required by a statute of this state that "every motor vehicle while in use on public highways shall be provided with good and sufficient brakes." Comp. St. 1922, sec. 8395. The term "good and sufficient brakes," as used in that statute, means brakes that, when applied, are adequate to promptly check and slacken the speed of a motor vehicle and bring it to a stop. With the extensive use of motor vehicles upon the streets and highways,

one who operates a motor vehicle thereon is bound to take notice that he may be called upon to make emergency stops, and it is the duty of such person to use reasonable care to keep the brakes on his motor vehicle in such condition that such stops are possible. The defendant at the time of the collision was operating his car without "good and sufficient brakes" and in violation of the statute, and while this was not negligence *per se*, yet it was a matter for the jury to take into consideration with all the other facts and circumstances in determining whether the defendant was guilty of negligence. The photograph introduced in evidence shows that the Chevrolet coach could have been seen for some distance south of the street before it entered thereon, and if defendant had been keeping a proper lookout he could have seen such car before it entered upon Pacific street at a much greater distance from him than it was when his attention was called to it. The rate of speed that the car of defendant was traveling when 50 or 75 feet distant from the other car would warrant the jury in finding that, had his brakes been in the condition required by the statute, he could have stopped his car in time to have prevented the collision, or so checked and slackened its speed that the injury complained of would not have occurred. The evidence does not bear out the contention of counsel for defendant that the sudden appearance of the Chevrolet car directly in front of the car of the defendant was the sole cause of the accident.

To entitle plaintiff, an invited guest in the car of the defendant, to recover, it was not necessary that the negligence of the defendant be the sole and proximate cause of the damage and injury to her. If the alleged negligence of the defendant concurred with negligence of the driver of the other car so that their combined negligence was the proximate cause of the damage and injury to the plaintiff, then they would be jointly and severally liable to the plaintiff therefor. The concurring negligence of the driver of the other car would not be an excuse or a defense available to the defendant; each is liable; and even though the negligence of the driver of the Chevrolet car contributed

in a greater degree to the injury than that of the defendant, no consideration is to be given thereto. *Koehn v. City of Hastings,* 114 Neb. 106; 45 C. J. 895, sec. 476. The evidence was sufficient to warrant the jury in finding that the defendant was negligent, as alleged, and that such negligence, either alone or concurring with the negligence of the driver of the Chevrolet coach, was the proximate cause of the collision and consequent injury to plaintiff. The verdict is sustained by sufficient evidence.

Error is assigned in the giving of certain instructions. The questions raised as to the giving of such instructions are disposed of in the determination of the question that the verdict is supported by sufficient evidence. Defendant also assigns error in the refusal of the court to give certain instructions requested by him. An examination of the record in relation thereto shows that the requested instructions were fully covered by the charge given by the court.

During the progress of the trial the defendant made an oral application to the court to require plaintiff to submit to a physical examination by a doctor to be selected by defendant. The court refused the request, and such refusal is assigned as error. In the application for such examination no reason is given as to why the application was not made before the commencement of the trial. An examination of the record in regard to the injuries claimed to have been sustained by plaintiff discloses that the permanent injuries to plaintiff were occasioned by scars upon her face that greatly disfigured her, such disfiguration was plainly visible, and an examination, if it had been granted, would in no way have aided the defendant in making his defense.

Application for a physical examination of an injured party should be made before the commencement of the trial of a cause, and if not made until after the trial has commenced a sufficient reason should be assigned why such request was not made before the commencement of the trial. Where such request is made during the progress of the trial, it rests within the sound discretion of the court whether such request be granted, and the ruling of the court there-

on will not be disturbed, unless from all the circumstances an abuse of discretion appears. *O'Brien v. Sullivan,* 107 Neb. 512; *Stuart v. Havens,* 17 Neb. 211; *City of Chadron v. Glover,* 43 Neb. 732. No abuse of discretion appears on the part of the trial court in refusing the request.

Finally, it is insisted that the damages assessed by the jury are excessive and appear to have been given under the influence of passion and prejudice. This contention is without merit. The evidence in relation to the injuries received by plaintiff would support a much larger verdict. Plaintiff at the time of the accident was a married woman 36 years old. As a result of the accident she received several severe cuts upon her face which caused unsightly scars, permanently disfiguring her face. She was severely bruised; her tongue was cut so that it was nearly severed; four of her upper and four of her lower teeth were knocked loose, so that it will be necessary to have them extracted and replaced with artificial. Plaintiff was confined to a hospital for some time under the care of a doctor. That she suffered physical pain on account of her injuries cannot be doubted. She has endured and will in the future endure mental suffering and humiliation on account of her disfiguration. The defendant has no reason to complain of the amount of the verdict.

We have considered all the errors assigned by the defendant and find none prejudicial to him. It would seem from a consideration of the evidence that no other verdict than for the plaintiff could be sustained. The judgment of the trial court should be and is hereby

AFFIRMED.