## SANNI HILL v. FRANK HIETALA.

128 N. W. (2d) 745.

May 29, 1964—No. 39,209.

*Saxhaug & Scherkenbach*, for appellant.
*O'Leary, Trenti & Berger*, for respondent.

MURPHY, JUSTICE.

This is an appeal from an order denying plaintiff's motion for a new trial in an action for personal injuries resulting from an automobile accident. Plaintiff had a verdict which she feels was adequate. The errors assigned raise only one question—whether the trial court erred in ordering a physical examination of plaintiff in the course of the trial. It is argued that plaintiff was prejudiced by the trial court's failure to comply with the requirements of Rule 35.01, Rules of Civil Procedure, which provides:

"In an action in which the mental or physical condition or the blood relationship of a party, or of an agent of a party, or of a person under control of a party, is in controversy, the court in which the action is pending may order the party to submit to, or produce such agent or person for, a mental or physical or blood examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party or person to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is made."

No objection was made to the form of the court's order. It is not contended that plaintiff was prejudiced by failure of the order to "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom * * * made." It is not claimed that the court's action delayed the trial or that the physical examination caused inconvenience or embarrassment to plaintiff or that she suffered mental or physical strain because of it. The only objection is that the trial court's action prevented plaintiff's counsel from inquiring of the jurors on the voir dire if they were acquainted with the examining physician. This objection is not supported by any claim or showing that there was in fact a relationship of any kind between members of the jury and the examining physician.

From the abbreviated record it may be said that the showing in support of the motion for the physical examination during the course of the trial was not strong, and if the trial court had denied it, its order probably would be affirmed. Ordinarily, an appellate court

will not review or correct the trial court's discretionary action in permitting or refusing to compel a physical examination of the plaintiff in a personal injury suit. The issue has been discussed in Wittenberg v. Onsgard, 78 Minn. 342, 81 N. W. 14, 47 L. R. A. 141, where we sustained a refusal to allow defendant to take X rays of plaintiff's injured neck. In Rief v. G. N. Ry. Co. 126 Minn. 430, 148 N. W. 309, we held it was error to refuse an examination of plaintiff in the course of a trial even though plaintiff had been examined by four of defendant's doctors prior to the trial. Neither of these authorities is particularly persuasive in its application to this case.

It may be observed that Rule 35.01 comprehends that in the fair and orderly administration of personal injury actions mental or physical examinations by adverse parties may be permitted. The application for such an examination should be made before the commencement of trial, and if not made until after trial has commenced, sufficient reason should be assigned why the request was not made before the trial started. While this is a rule which should be carefully observed in practice and one which it is not safe for a litigant to ignore, it is not exclusive. It must be recognized that circumstances may exist where the trial court in its discretion may permit the physical examination of a plaintiff after the trial has started. Under Rule 35, Federal Rules of Civil Procedure, which is practically identical to the Minnesota rule, there is no time limit as to when an order for a physical examination may be made. 2A Barron and Holtzoff, Federal Practice and Procedure, § 822; Draper, *Medical Examinations of Adversary Parties*, 25 Rocky Mt. L. Rev. 163, 169. But as a general rule the request should be made at an early date, certainly before the trial. Gregoris v. Manos, 35 Ohio L. Abs. 279, 40 N. E. (2d) 466; Flythe v. Eastern Carolina Coach Co. 195 N. C. 777, 143 S. E. 865; Ziskovsky v. Miller, 120 Neb. 255, 231 N. W. 809. Where the request is made during the progress of the trial, "it rests within the sound discretion of the court whether such request be granted, and the ruling of the court thereon will not be disturbed, unless from all the circumstances an abuse of discretion appears." Ziskovsky v. Miller, 120 Neb. 255, 260, 231 N. W. 809, 812.

The burden which rests upon plaintiff to show that the lower court abused its discretion in granting the order requires an affirmative showing of prejudice. We are not satisfied that this burden has been met by the bald assertion of plaintiff that because of the court's order her counsel was denied the right of inquiring of the jurors if they were acquainted with the examining physician.

Affirmed.