Randy WILLS, Petitioner,

v.

RED LAKE MUNICIPAL LIQUOR STORE, Trails End Bar, etc., Respondents.

OKLEE MUNICIPAL LIQUOR STORE, defendant and third-party plaintiff, Respondent,

v.

Sheldon HODGSON, Steve Larson, third-party defendants, Respondents.

No. C8-84-76.

Court of Appeals of Minnesota.

June 26, 1984.

Richard N. Sather, Neil A. McEwen, Thief River Falls, for petitioner.

Wayne D. Tritbough, Chadwick, Johnson & Condon, Minneapolis, Minn. Defense Lawyers Assn., Amicus Curiae, Ellen L. Maas, Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

The trial court ordered vocational evaluation pursuant to Rule 35.01 of the Minneso-

ta Rules of Civil Procedure. Petitioner seeks a writ of prohibition. We requested amici briefs from the Minnesota Trial Lawyers Association, the Minnesota State Bar Association Civil Litigation Section and the Minnesota Defense Lawyers Association by order dated January 31, 1984 and received one response. The writ is denied.

## FACTS

Plaintiff-petitioner, a passenger in an automobile, was injured in an accident and is now a paraplegic. He cannot use his lower extremities and is able to walk on crutches only with the aid of steel braces. He had extensive internal injuries and is not able to control his urine or bowel movements.

Defendants desire examination for vocational evaluation and moved on December 27, 1983 for an order compelling plaintiff's attendance. The trial court ordered plaintiff to make himself available for vocational examination since the physician of defendants' choosing determined a vocational evaluation was necessary for medical evaluation.

At trial, plaintiff will apparently contend he is permanently and totally precluded from gainful employment for the rest of his life. Defendants' medical expert, Dr. Richard Zarling, a neurologist, was engaged to conduct a comprehensive mental and physical examination of plaintiff. As part of that examination, he requested that plaintiff be seen by a vocational rehabilitation specialist to obtain information for use in his own analysis.

Defendants asked plaintiff to submit to an examination conducted by Dr. Phillip Haber, a licensed psychologist and certified rehabilitation counselor in the State of Minnesota. Dr. Haber's inquiry will involve: an individual psychological examination, an individually administered I.Q. test to assess aptitude, educational, and vocational potential, a group of written tests measuring reading and math skills, vocational interests, vocational needs, and temperament for assessment of the prediction of vocational and academic levels satisfying plaintiff's interests, and a work sample evaluation to provide information about plaintiff's ability to perform simulated work tests. Aptitudes such as electronic assembly, clerical drafting, mechanical assembly, quality control, and laboratory technology will be measured in an attempt to determine the highest level of plaintiff's ability to perform.

The information gathered during the vocational evaluation will be utilized as part of the comprehensive mental and physical examination being conducted by Dr. Zarling.

## ISSUE

Is plaintiff required to submit to a vocational evaluation as a part of the adverse medical evaluation when requested by defendants' examining physician?

## ANALYSIS

1. Rule 35.01 of the Minnesota Rules of Civil Procedure provides:

> In an action in which the mental or physical condition or the blood relationship of a party, or of an agent of a party, or of a person under control of a party, is in controversy, the court in which the action is pending may order the party to submit to, or produce such agent or person for, a mental or physical or blood examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party or person to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is made.

2. Two cases analogous to this matter arose in California where the rule governing mental and physical examinations is substantially the same as our Rule 35.01. In *Reuter v. Superior Court, County of San Diego*, 93 Cal.App.3d 332, 155 Cal. Rptr. 525 (1979), the Fourth District Appellate Court affirmed an order allowing a psychologist to conduct a mental examination of the plaintiff.

In *Reuter*, the psychologist was to conduct some testing of plaintiff, whose mental condition was in controversy. A motion to compel the examination was supported by a declaration of a child psychiatrist that testing by a psychologist was necessary to complete the psychiatrist's examination. *Id.* at 339, 155 Cal.Rptr. at 530. The plaintiff argued the psychologist was not a "physician" as required by the California version of Rule 35.01, and therefore plaintiff could not be compelled to submit to the mental examination. The court, however, held that although the rule does not specifically provide, held that although the rule does not specifically provide for medical examinations by psychologists, the trial court did not abuse its discretion in ordering plaintiff to submit to mental testing by the psychologist who was working under the general direction of a psychiatrist. *Id.* at 340, 155 Cal.Rptr. at 530. The court reasoned:

In this circumstance, the capacity of the psychologist is to provide data for the psychiatrist to use. His position is analgous to that of an x-ray technician taking x-rays for a physician to examine or a medical technician taking a patient's blood pressure and reporting the findings to the doctor.

\*    \*    \*    \*    \*    \*

To prevent a physician from delegating certain duties to competent specialists in accordance with accepted medical practices would be to deny the reality of the modern medical profession.

*Id.* at 339, 155 Cal.Rptr. at 530.

The second California case is *Browne v. Superior Court for County of Santa Clara*, 98 Cal.App.3d 610, 159 Cal.Rptr. 669 (1979). In *Browne*, the First District Appellate Court held a personal injury plaintiff could not be required to submit to testing by a competent vocational rehabilitation expert. The court went on to say, however, that

[u]nlike the factual circumstances reflected in *Reuter* or in *Bittle* [*v. Superior Court* (1976) 55 Cal.App.3d 489, 127 Cal.Rptr. 574], there is no showing herein

that the examination is at the direction and under the supervision of an authorized examining physician.

*Id.* at 615, 159 Cal.Rptr. at 672 (footnote omitted).

3.    In Minnesota, cases dealing with the propriety of such examination are *Hill v. Hietala*, 268 Minn. 296, 128 N.W.2d 745 (1964) and *Haynes v. Anderson*, 304 Minn. 185, 232 N.W.2d 196 (1975). Both of these cases indicate the trial court is vested with broad discretion in determining whether a Rule 35.01 examination should be ordered.

Ordinarily, an appellate court will not review or correct the trial court's discretionary action in permitting or refusing to compel a physical examination of the plaintiff in a personal injury suit.

*Hill*, 268 Minn. at 297–98, 128 N.W.2d at 747.

The court's liberal interpretation of Rule 35.01 is exhibited in *Haynes*. There the plaintiff petitioned for a writ of prohibition to restrain the district court from enforcing its order directing plaintiff to submit to a Minnesota Multiphasic Personality Inventory (MMPI) as part of the medical examination. The plaintiff argued that by asserting physical injuries in her complaint, she placed only her physical and not her mental condition in controversy. The court rejected plaintiff's argument, stating:

[t]o place such a restrictive interpretation upon Rule 35.01 would, in our view, substantially undermine its usefulness. The rule does not require that the party to be examined place his or her condition in controversy, but only that the condition be in controversy.

*Haynes*, 304 Minn. at 188, 232 N.W.2d at 199 (footnote omitted).

Thereafter, the court ruled that in an action for personal injuries giving rise to a claim for a permanent disability, a physician conducting an adverse examination of a plaintiff may have the MMPI administered if the trial court, exercising the authority granted by Rule 35.01, is persuaded:

(1) That the answers to the questions will not be used to embarrass or intimidate the examinee;

(2) That the need for the examination and the anticipated probative value of the evaluation of the answers given outweigh any unnecessary intrusion on the examinee's privacy;

(3) That the evaluation of the results of the test will be privileged except to the extent that disclosure is made necessary by the progress of the litigation.

(4) That answers to each of the questions submitted to the person examined are necessary to make the test useful to the examining physician; otherwise, answers to nonessential questions should not be required.

*Id.* at 190, 232 N.W.2d at 200.

4. In this era of medical specialization, it has become increasingly customary and necessary for examining physicians to use the services of other specialists, technicians and assistants. Allowing a vocational evaluation to be administered by a registered psychologist is part of this trend for a more comprehensive involvement and reliance on other specialists to assist in evaluation by a physician.

5. Plaintiff raised the issue of his future employability, alleging permanent disability and inability to obtain gainful employment with extensive potential wage loss. Plaintiff, when deposed, indicated he felt his disability rendered him unfit to return to the work force. His treating physician also reported that plaintiff "will most likely not be able to work at a job requiring the use of his lower extremities."

Whether plaintiff will be able to obtain gainful employment requires evaluation by experts along with comprehensive testing. All parties should have an opportunity to fully explore and understand his employment potential. The proposed vocational examination might also assist plaintiff in evaluating employment opportunities and in determining appropriate rehabilitative efforts. Plaintiff expressed an interest in determining whether he was amenable to retraining and capable of reentering the work force.

Plaintiff placed his future ability to earn wages in issue. Defendants' physician requested evaluation of plaintiff from the vocational rehabilitation standpoint as part of his comprehensive examination. The vocational evaluation may aid the physician in opining about the prospect of plaintiff's potential for future employment.

## DECISION

The trial court did not abuse its discretion in requiring plaintiff to submit to a vocational evaluation as part of an adverse medical examination. Plaintiff-petitioner's request for a writ of prohibition is denied. The stay issued by this court on January 31, 1984, pending submission of briefs, is now vacated. The matter is remanded to the district court for appropriate further proceedings.