**Roger William LOVELAND, et al., Petitioners,**

v.

**Hildegarde KREMER, Respondent.**

**No. C9–90–2461.**

Court of Appeals of Minnesota.

Dec. 31, 1990.

Sharon L. Van Dyck, Schwebel, Goetz & Sieben, Minneapolis, for petitioners.

Kevin S. Carpenter, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for respondent.

Considered at Special Term and decided by PARKER, P.J., and GARDEBRING and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

Petitioner Debra Amlee–Loveland seeks a writ of prohibition preventing the trial court from compelling her attendance at a second independent medical examination.

After Amlee–Loveland and her husband were injured in an automobile accident, they commenced a negligence lawsuit against Hildegarde Kremer for personal injuries sustained in the accident. The claims adjuster for Auto–Owners Insurance Company, Kremer's automobile liability insurer, said that before the insurance company would offer a settlement, it needed the results of an independent medical examination. Amlee–Loveland, through her attorney, agreed to attend an adverse

examination. The claims adjuster chose the physician and scheduled the examination, and Amlee–Loveland attended.

Afterwards, Auto–Owners Insurance Company retained defense counsel to represent Kremer. Defense counsel requested that Amlee–Loveland attend another independent medical examination, to be performed by a different doctor. After Amlee–Loveland refused to attend a second examination, defense counsel moved the trial court to compel attendance. The trial court ordered Amlee–Loveland to attend.

## DECISION

Amlee–Loveland argues that Kremer failed to show good cause for a second independent medical examination and that a writ of prohibition is the only adequate remedy to correct enforcement.

Kremer argues that interlocutory review is not appropriate, because the trial court acted within its discretion. Assuming that review is appropriate, Kremer argues that she is not bound by the acts of her insurer prior to the retention of legal counsel.

■ While discovery orders are interlocutory and not appealable as a matter of right, "a writ of prohibition is the appropriate form of relief when a court has exceeded its power to order discovery." *Ellingson & Assoc., Inc. v. Keefe*, 396 N.W.2d 694, 696 (Minn.App.1986).

■ In *Wasmund v. Nunamaker*, 277 Minn. 52, 54, 151 N.W.2d 577, 579 (1967), the court listed three requirements for the issuance of a writ:

(1) [T]hat the court, officer, or person against whom the writ issues is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power by such court, officer, or person is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy at law.

This court may issue a writ of prohibition "to prevent an abuse of discretion where there is no other adequate remedy at law." *See id.* at 55, 151 N.W.2d at 579.

We conclude that the trial court's exercise of judicial power in this case exceeds

that authorized by law. A writ of prohibition is the only adequate remedy at law for preventing the second independent medical examination.

■ Independent medical examinations are within the trial court's discretion and not available as a matter of right. *See* Minn.R.Civ.P. 35.01; *Wills v. Red Lake Municipal Liquor Store*, 350 N.W.2d 452, 454 (Minn.App.1984). Before a trial court orders a party to submit to an independent medical examination, the party requesting the examination must show good cause. Minn.R.Civ.P. 35.01.

■ Amlee–Loveland's agreement with the claims adjuster after she commenced this lawsuit is a Rule 29 stipulation to an independent medical examination. *See* Minn.R.Civ.P. 29; 2 D. Herr & R. Haydock, *Minnesota Practice* § 35.3 (West 1985). In its order, the trial court failed to consider both the first independent medical examination and the good-cause requirement.

This court has denied prohibition where the trial court ordered second independent medical examinations which served as part of a comprehensive examination. In *Wills*, 350 N.W.2d at 455, we stated:

In this era of medical specialization, it has become increasingly customary and necessary for examining physicians to use the services of other specialists, technicians and assistants. Allowing a vocational evaluation to be administered by a registered psychologist is part of this trend for a more comprehensive involvement and reliance on other specialists to assist in evaluation by a physician.

A vocational evaluation, requested by the adverse neurologist, was necessary to assist the neurologist in his comprehensive examination of the plaintiff and also assisted the parties in evaluating whether the plaintiff would be able to obtain gainful employment. *Id.*

In *Haynes v. Anderson*, 304 Minn. 185, 186, 232 N.W.2d 196, 197–98 (1975), the plaintiff in a personal injury suit petitioned for a writ of prohibition to restrain the district court from enforcing its order that plaintiff submit to the Minnesota Multipha-

sic Personality Inventory (MMPI) as part of an independent adverse medical examination. While the Minnesota Supreme Court vacated the Rule 35.01 order and remanded the case for further proceedings, it recognized that both an adverse MMPI and an adverse medical examination *may* be necessary if mental and physical injuries are in controversy. *Id.* at 190–91, 232 N.W.2d at 200.

■ Unlike *Wills* and *Haynes*, the second examination in this case does not focus on a different area of specialization or of injury. Both doctors practice in the area of orthopedics; the second adverse examination will evaluate the same injury as the first adverse examination. The second doctor's examination is not part of a comprehensive examination.

Amlee–Loveland claims that Kremer seeks a second independent medical examination due to weaknesses in the first doctor's credentials. Defense counsel stated in his affidavit to the trial court, "I would like to have Ms. Loveland examined and evaluated by a *board certified* orthopedic surgeon." (Emphasis added).

By requiring Amlee–Loveland to undergo a second adverse medical examination for the same injuries, Kremer can shop for a favorable adverse medical report while gathering results duplicatory of the first report. Since the liability insurer chose the doctor for the first examination, dissatisfaction now with that doctor's credentials and report falls short of the good cause needed for a second independent medical examination. *Cf. Wasmund*, 277 Minn. at 62, 151 N.W.2d at 583 (conflict between plaintiff's counsel and physician chosen by relators held not a valid reason for denying a Rule 35.01 independent medical examination).

■ Kremer argues that she did not agree to the first independent medical examination as she was not represented by counsel at that time. Auto–Owners Insurance Company, whether acting through a claims adjuster or legal counsel, is acting on behalf of Kremer. Thus, Kremer's argument is not persuasive. If defense counsel provided by an insurer can repudiate agreements made by the insurer's representative prior to retaining counsel, no plaintiff's counsel will feel confident in making *any* agreement with a claims adjuster, and great prejudice to the efficiency of the litigation process could result.

Writ of prohibition issued.