CHARLES SHERMAN ET AL., APPELLANTS, V. TRAVELERS IN-
DEMNITY COMPANY, APPELLEE.

225 N. W. 2d 547

Filed February 6, 1975. No. 39493.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellants.

Douglas F. Duchek and Cline, Williams, Wright, Johnson & Oldfather, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

In this suit on a windstorm clause in an insurance policy, the question involved is whether there is sufficient circumstantial evidence on liability and damages for submission to a jury. The District Court determined that the evidence was insufficient for submission and directed a verdict for the defendant. On appeal, we affirm the judgment of the District Court.

To recover, an insured must show that the windstorm was a wind of unusual violence or tumultuous force. Hoagland & Co. v. Insurance Co. of North America, 131 Neb. 105, 267 N. W. 239. A portion of the east wall of the insureds' building fell between the hours of 5 p.m.,

April 18, 1972, and 9 a.m., April 19, 1972. There is no direct evidence as to the circumstances surrounding the fall or when and how the wall fell. The police officers who informed one of the insureds of the falling of the wall and the damage on the early morning of April 19, 1972, were not called as witnesses. Consequently, the evidence is entirely circumstantial. In the 48-hour time period April 18, 1972, and April 19, 1972, the weather records show a maximum velocity on April 18th as 17 miles per hour and 22 miles per hour on April 19th. There is no evidence relating the time of the fall with wind velocity. We only know that during the total 48-hour time period surrounding the incident that a northeasterly wind *may* have reached a maximum velocity of 22 miles per hour. We do not pass upon the question of whether a 22 mile per hour wind is evidence of an unusually violent or tumultuous character, because it is obviously conjecture and speculation that the wind in fact did reach the maximum velocity during the early morning hours of April 19, 1972. More importantly, the plaintiffs' insurance agent testified in plaintiffs' behalf that he kept a diary of weather conditions and his record shows there was hail, but no wind, in the time period in question on April 19, 1972. The plaintiffs' own expert witness, although testifying that a windstorm could have caused the fall of the wall and the damage, testified on cross-examination that the insured premises were susceptible to failure by reason of the natural winds or elements that daily act upon structures in this part of the country, and that the wall failure *could* have been caused by just such actions, natural winds and elements prevalent and normal for this part of the country, and by that action alone. He did testify that he *believed* that wind was the proximate cause of the damage.

From the same source of evidence, by plaintiffs' expert witness, it was proved equally possible conclusions could be drawn, namely, that a wind caused the failure

of the insureds' wall, or that normal winds and conditions could have caused the damage.

We have repeatedly and recently held that in a civil case circumstantial evidence must be of such a nature and the circumstances so related to each other that the conclusion to be reached thereby is the only one that can fairly and reasonably be drawn therefrom. The evidence must be sufficient to make the theory of causation reasonably probable and not merely possible. Conjecture, speculation, or choice of quantitative possibilities are not proof. There must be something to be reasonably adduced from all the evidence which would lead a reasoning mind to one conclusion rather than another. Bohling v. Farm Bureau Ins. Co., 191 Neb. 141, 214 N. W. 2d 381; Southern v. Willis Shaw Frozen Express Inc., 185 Neb. 117, 174 N. W. 2d 90; Popken v. Farmers Mutual Home Ins. Co., 180 Neb. 250, 142 N. W. 2d 309; Raff v. Farm Bureau Ins. Co., 181 Neb. 444, 149 N. W. 2d 52. Giving maximum reach to the plaintiffs' evidence and the inferences therefrom, equally reasonable deductions could be made that would support either a windstorm theory or a normal condition and wind theory of the cause of the damage. There must be something more in the evidence to warrant submission of the issue of liability to the jury. The evidence, as presented, presents nothing more than a conjectural or speculative determination by the fact-finder choosing between two equally possible theories of the cause of the damage. The District Court's determination of the insufficiency of the evidence to support submission is sustainable on this ground alone.

We point out further that the plaintiffs have failed to adduce sufficient evidence to sustain their burden of proof as to damages. Prior to the alleged damage on April 19, 1972, the building was in a deteriorated condition. The City of Lincoln in January 1972 requested the plaintiffs to take action to repair the building. The plaintiffs had received information concerning the cost

of the repairs and were told that it would cost approximately $10,500 to repair the building. Plaintiffs seek to use this estimate of costs of repair as their measure of damages in this case. The record conclusively shows that at no time after the alleged damage took place did the plaintiffs obtain a cost estimate for the repair of the damage. There was no evidence introduced to show that the building was wholly destroyed or that it had lost its distinctive character as a building. More precisely there is no evidence of any cost of repair estimates being obtained or offered for the alleged hole in the insureds' east wall as found on the morning of April 19, 1972. All the cost of repair estimates introduced in evidence related only to bringing the building into line with city specifications as the result of a previously deteriorated condition. It is significant that one of the plaintiffs himself testified he did not believe that even these estimates were fair and reasonable, in any event. The evidence must be such that a jury could determine the amount of damages with reasonable certainty. Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255; Carl R. Anderson & Co. v. Suhr, 181 Neb. 474, 149 N. W. 2d 101. Any finding by the jury as to damages would have had to rest on pure speculation and conjecture arising out of a cost of repair estimate prepared for the purpose of bringing the building up to the City of Lincoln's building code standards on account of its deteriorated condition. Such estimate was prepared prior to the time of the alleged damage and by plaintiffs' own testimony was not fair and reasonable. We hold, therefore, that there was insufficient evidence on the issue of damages to submit to the jury.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.