VIVIAN E. HOEGERL AND MARY H. HOEGERL, APPELLEES, v. DONALD C. BURT, APPELLANT.

340 N.W.2d 428

Filed November 28, 1983. No. 82-674.

Jeffrey A. Silver, for appellant.

Duane J. Dowd and Thomas R. Wolff, for appellees.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiffs, Vivian E. and Mary H. Hoegerl, husband and wife, sued the defendant, Donald C. Burt, for damages resulting from a January 19, 1979, car-pickup collision in Omaha, Nebraska. Jury verdicts were entered in favor of plaintiffs on three joined causes of action: (1) $21,312 in favor of Mary for personal injury, pain and suffering, and loss of wages and earning power; (2) $738 in favor of Vivian; and (3) $14,000 for Vivian for Mary's medical expenses and loss of consortium. Defendant admits his negligence was the proximate cause of the accident. Defendant appeals. We affirm.

Plaintiffs, residents of Omaha, Nebraska, had been married for 34 years. Vivian was parts manager for John Markel Ford in Omaha; Mary, age 60 years, had been a registered nurse since 1948. At the time of the accident Mary was thrown against the windshield, injuring her neck, legs, and knees; Vivian had minor injuries. The plaintiffs were examined at a hospital and released.

The first two assigned errors are considered together: (1) abuse of discretion in allowing the interruption of a medical expert's testimony to permit his

physical examination of Mary, and (2) allowing the same medical expert to change his testimony.

R. D. Glover, M.D., Omaha, Nebraska, was a general practitioner who was Mary's family and treating doctor; she had worked for him in prior years. He testified concerning Mary's medical history and records, examinations, and treatments. Trial began on August 30, 1982. Prior to the trial, he last examined Mary on September 24, 1980. During direct examination, Dr. Glover was asked to give an opinion concerning the permanency of Mary's injuries as of that time. Defendant's objection to foundation was sustained. In open court, plaintiff moved the court to continue the doctor's testimony to the next day in order to permit the doctor to examine Mary. The reason assigned for the motion is not shown. A conference of counsel and the judge in chambers followed, and was not reported in the record; however, the briefs indicate that the conference related to the motion, and defendant was given an opportunity to take Dr. Glover's deposition before he resumed his testimony, which was done. The motion was granted. Plaintiffs continued the evidence with other witnesses. The next day, over objection, Dr. Glover testified that he had reexamined Mary and that it was his opinion her condition was a chronic cervical strain and a fibrous reaction in the gastrocnemius muscles, which was permanent.

Defendant argues that this procedure was a continuance requiring a written motion supported by affidavit. Neb. Rev. Stat. § 25-1148 (Reissue 1979). We do not agree. The applicable rule is stated in *Ziskovsky v. Miller*, 120 Neb. 255, 260-61, 231 N.W. 809, 812 (1930): "Application for a physical examination of an injured party should be made before the commencement of the trial of a cause, and if not made until after the trial has commenced a sufficient reason should be assigned why such request was not made before the commencement of the trial. Where such request is made during the progress of

the trial, it rests within the sound discretion of the court whether such request be granted, and the ruling of the court thereon will not be disturbed, unless from all the circumstances an abuse of discretion appears." This rule is now supported in Neb. Rev. Stat. § 27-611 (Reissue 1979): "The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (a) make the interrogation and presentation effective for the ascertainment of the truth . . . ."

Although this delay was contrary to orderly trial practices, indicating a lack of preparation, the record here shows that there was neither prejudice to the defendant nor an abuse of discretion by the trial judge.

There is no merit to the claim that Dr. Glover changed his testimony without explanation to meet the exigencies of the lawsuit.

Next, defendant claims as error that there was no reasonable basis for the expert opinion of Keith K. Turner, Ph.D., associate professor of economics, UN-O, Omaha, Nebraska, that Mary had an economic loss of $144,377 because of lost wages, loss of earning power, and inability to perform household chores. The argument is narrowed to his objection that there was no foundation for Turner's assumptions that Mary would return to full-time nursing in 1979 and that she would work until age 65. The qualifications of the witness and the technical nature of the subject matter are not issues.

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." Neb. Rev. Stat. § 27-703 (Reissue 1979).

"Expert testimony should not be received if it appears the witness is not in possession of such facts

as will enable him to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture. The witness should not be allowed to express an opinion on an inadequate basis . . . ." *Clearwater Corp. v. City of Lincoln*, 202 Neb. 796, 804, 277 N.W.2d 236, 241 (1979).

The record shows that in 1978 and early 1979 Mary was caring for her brother. She testified: "Q. After you were through taking care of your brother, had you planned on returning to work? A. Yes, I did."

Turner testified fully concerning the data and basis for his opinion, and his 14-page supporting report with wage scales, graphs, and charts was a part of the evidence. Defendant cross-examined Turner concerning his opinion, the report, and other bases; and Turner was asked, "Do you assume that she was going to work to age 65 because Mr. Wolff [plaintiffs' attorney] told you that?" to which he replied, "That's right." Defendant made no motion to strike Turner's opinion.

His opinion was relevant to the issues, and the bases "may be those perceived by or made known to him at or before the hearing." § 27-703. From the record presented to the jury there was an adequate basis for a reasonably accurate conclusion.

It was for the jury to judge the weight and credibility of Turner's testimony, *State v. Journey*, 201 Neb. 607, 271 N.W.2d 320 (1978); *Taenzler v. Burlington Northern*, 608 F.2d 796 (8th Cir. 1979), which it apparently did, considering the verdict it returned.

Last, defendant claims the $14,000 judgment on the third cause of action for Mary's medical expenses and Vivian's loss of consortium was excessive.

"The rule in Nebraska is that a verdict will not be set aside unless it is against the weight of the evidence, or appears to have been the result of passion, prejudice, mistake, or disregard of the rules of evidence or the law." *Maricle v. Spiegel*, 213 Neb. 223, 232, 329 N.W.2d 80, 87 (1983).

The jury could find from the evidence that Mary's life expectancy was 16.12 years; that she had $387.05 medical expenses; that she suffered pain and impairment of her body, making it impossible to perform many usual household duties, and heavy cleaning in particular; that it was necessary to hire domestic help for about 6 hours a week; and that plaintiffs' social life together and with friends and relatives was curtailed. We cannot say that this verdict was excessive.

AFFIRMED.