AGREX, INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. JIM SCHRANT, APPELLEE AND CROSS-APPELLANT.

379 N.W.2d 751

Filed January 17, 1986.    No. 84-568.

David A. Domina and David E. Copple of Domina & Gerrard, P.C., for appellant.

Lynn D. Hutton, Jr., of Lynn D. Hutton, Jr., P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Agrex, Inc., brought this action to recover losses alleged to have resulted from defendant Jim Schrant's breach of contract to sell it a quantity of soybeans. From a jury verdict and judgment of $6,162 in its favor, plaintiff has appealed and defendant has cross-appealed.

Plaintiff's assignments of error are: (1) The verdict was unsupported by any evidence and was clearly wrong; and (2) Testimony of a witness as to the value or worth of the commodity was permitted without adequate foundation and was purely conjectural. Defendant assigns as error on his cross-appeal: (1) The refusal of the court to direct a verdict in his favor; (2) The giving of certain instructions; and (3) The failure to give certain requested instructions. We affirm in part, and in part reverse and remand for a new trial on the issue of damages.

Plaintiff alleged in its petition that on July 15, 1983, defendant orally agreed to sell to the plaintiff 6,500 bushels of soybeans at a price of $6.02 per bushel, and following defendant's refusal to make delivery, plaintiff, in order to cover the grain contracted by the defendant, was required to go into the open market and purchase soybeans at $8.45 per bushel.

Defendant denied the existence of such contract; alleged that on July 22, the day he received written confirmation of the alleged contract from plaintiff, he denied to plaintiff that he had entered into the contract; alleged that plaintiff had failed to mitigate its damages; and alleged a violation of the statute of frauds.

The evidence presented by the plaintiff would support a conclusion that on July 15, 1983, defendant called the Enola grain elevator (Agrex, Inc.) and inquired as to the price then being paid for soybeans. When told that the market was $6.02 per bushel, according to the plaintiff's evidence, he agreed to sell 6,500 bushels. He was told that he would receive written

confirmation in the mail, and that same day plaintiff did mail to defendant a signed writing listing the price, quantity, and delivery date of July 1983.

Plaintiff's witness, Jacqueline Ohman, continuing her testimony, stated that several attempts were made to contact defendant as to why he had not delivered the soybeans, but she was not able to get in touch with him until September 8. According to her, when she did reach him on the 8th and asked him when he was planning to bring in the beans, he told her that he did not know when he was going to make delivery. Finally, on September 20, the witness was told by Mrs. Schrant that they did not consider that they were bound by any contract and did not intend to make delivery. On that same day the plaintiff went into the open market and purchased 6,500 bushels of soybeans to cover the contract at the market price of $8.45 per bushel. It is this difference—$2.43—between the contract price and the actual purchase price that plaintiff claims as damages.

Supporting plaintiff's claim was the testimony of the manager of the ASCS office in Columbus. He identified four exhibits which were marketing authorization forms for farm-stored commodities under loan. They were all signed by the defendant, dated July 25, 1983, but indicated an original telephonic request of July 15, 1983, to sell 6,500 bushels of soybeans. The forms also disclosed that copies of each were sent to Agrex, Inc., which, according to the witness, would be the marketing unit designated by the seller to be the purchaser.

The evidence presented by the defendant through his own testimony was to the effect that on July 15 he merely called the plaintiff to inquire as to the price being paid for soybeans and did not contract to sell. He admitted that he received the sale confirmation slip from the plaintiff, but did not sign it, and did not deliver the beans. Schrant also admitted that he made no written objection to the written confirmation of sale, but on July 22, he claimed, during a telephone call from plaintiff's manager, he asked how come he got the contract because he "didn't contract anything."

For ease of discussion this appeal may be divided into two distinct questions: (1) Should the verdict and judgment in favor of plaintiff as to liability stand? and (2) Shall the amount of the

verdict and judgment stand?

To the extent that either of these questions involves factual matters, we are bound by the rule that on appeal this court will not set aside a finding of fact unless it is against the weight of the evidence, or appears to have been the result of passion, prejudice, mistake, or is in disregard of the rules of evidence or the law. *Hoegerl v. Burt*, 215 Neb. 752, 340 N.W.2d 428 (1983).

We take up, first, Schrant's cross-appeal. In that connection, in order to reach the verdict it did, the jury had to have found that Schrant orally contracted with plaintiff to sell it 6,500 bushels of soybeans for July delivery, that he received a written confirmation of the sale by mail, that he neglected to disavow that contract, and that he failed to deliver the beans. There was competent evidence on all points supporting such conclusions and, absent the existence of errors of law, we must affirm those findings.

However, defendant points to Neb. U.C.C. § 2-201(1) (Reissue 1980), which provides that any contract for the sale of goods for a price exceeding $500 is not enforceable unless there is some writing sufficient to indicate that a contract of sale has been made and which had been signed by the party against whom the enforcement is sought.

Defendant recognizes that in the form § 2-201 existed at the time—subsection (2)—his signed acknowledgment was not required if he was considered to be a merchant. Although § 2-201(2) was amended in 1983 to add subsection (b), which specifically exempted the requirement of a signed acknowledgment as between a merchant and a seller of grain, we are bound by the terms of § 2-201(2) in its original form. Therefore, the question of whether defendant was a merchant at the time becomes critical.

This court has not ruled on this specific question. In *Kimball County Grain Coop. v. Yung*, 200 Neb. 233, 263 N.W.2d 818 (1978), the question was raised, but because its resolution was deemed not to be necessary to a decision in the case, it was not decided. There were, however, two concurring opinions which fully discussed the pros and cons of the issue. We find it unnecessary to cite and discuss the authorities supporting the two different viewpoints. We believe the position taken by

Brodkey, J., is the more logical and more nearly represents the legislative intent as expressed in the code.

We therefore hold that experienced grain producers who regularly grow and market grain on the open market as the principal means of providing for their livelihood, and by reason of such occupation have acquired and possess knowledge or skill peculiar to the practices and operations of grain marketing, are merchants within the meaning of Neb. U.C.C. §§ 2-104 and 2-201 (Reissue 1980). Whether defendant in this instance met that definition was a question of fact which was resolved in favor of the plaintiff. *Kimball County Grain Coop. v. Yung, supra.*

In spite of the fact that defendant assigns as error the failure to give certain tendered instructions on the "merchant" issue and the giving of other instructions by the court on its own motion, he not only failed to include in the record a copy of his proposed instructions but also neglected to argue that issue in his brief. "[C]onsideration of the case will be limited to errors assigned and *discussed.*" (Emphasis supplied.) Neb. Ct. R. 9D(1)d (rev. 1983).

However, we have examined the court's instructions and find that they adequately and correctly submitted the issue to the jury. There is no merit to defendant's cross-appeal.

Finally, we consider plaintiff's complaint that the verdict was unsupported by the evidence and was clearly wrong. It argues that it was not until September 20 that it was told that defendant disavowed the contract, and it was on that day that it purchased soybeans at the market price to cover the contract. Therefore, it reasons, that was the only evidence of plaintiff's damages, and that amount was $15,795 rather than $6,162, the sum found by the jury to be the damages.

However, there was evidence in the form of defendant's testimony that he had disavowed the alleged contract as early as July 22. In that event, though, plaintiff claims there was no evidence of the fair market price of beans on that date or any date other than September 20.

That brings us to plaintiff's contention that the trial court erred in permitting, over objection, the defendant to draw out on cross-examination of plaintiff's witness that her "best

educated *guess*" (emphasis supplied), without checking her records, was that the price of beans on August 1 was $1.50 to $2 a bushel higher than the contracted price. Testimony in the form of a *guess* was based on counsel's question, "You have no idea at all as to any of the prices of soybeans after July 15th of '83 until September 20th of '83?" and the reply of the witness, "I could make a guess."

We agree with plaintiff. The question put by counsel called for an answer based upon conjecture and speculation and did not constitute proper proof. *Sherman v. Travelers Ind. Co.*, 193 Neb. 104, 225 N.W.2d 547 (1975). A witness should not be allowed to express an opinion on an inadequate basis. *Hoegerl v. Burt*, 215 Neb. 752, 340 N.W.2d 428 (1983). That plaintiff was prejudiced by the admission of such evidence is apparent from the record.

The judgment of the district court respecting liability of the defendant is affirmed. The cause, however, is remanded for a new trial on the issue of damages only.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR A NEW TRIAL
ON THE ISSUE OF DAMAGES.